1
2
3
4
5
6
7
8
9
10

**IN THE UNITED STATES DISTRICT COURT**

11

**FOR THE DISTRICT OF ARIZONA**

12

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
13
| | ) | |
| **Plaintiff,** | ) | **No. CR 02-1640-CKJ-CRP** |
14
| | ) | |
| **vs.** | ) | |
15
| | ) | **REPORT AND** |
| | ) | |
16
| | ) | **RECOMMENDATION** |
| **JOSE PILAR NORIEGA-ENCINAS,** | ) | |
17
| | ) | |
| **Defendant.** | ) | |
18
| _____ | ) | |

19
20

Plaintiff filed a petition to revoke supervised release. An evidentiary hearing was

21

conducted on March 25, 2008. This Court recommends that the District Judge find

22

Defendant to have violated his supervised release conditions.

**Consent**

23

Upon referral by a district judge, and the consent of the parties, a magistrate judge

24

may conduct an evidentiary hearing concerning a petition to revoke supervised release.

25

*United States v. Colacurcio*, 84 F.3d 326, 332 (9th Cir.1996), *dicta* (consent of defendant

26

required by 18 U.S.C. § 3401(i) when construed in context of the statute as a whole including

27

18 U.S.C. § 3401(b)). A review of the transcript of the hearing indicates that consent was

28

1    not discussed with Defendant and no written consent appears in the docket in this case.

2    Regardless, both parties proceeded with the hearing as if consent had been given.  Consent

3    can be inferred by the parties voluntarily proceeding before a magistrate judge.  *Roell v.*

4    *Withrow*, 538 U.S. 580, 586-587, 123 S.Ct. 1696, 1701-1702 (2003); *Chambless v.*

5    *Louisiana-Pacific Corporation*, 481 F.3d 1345, 1350-1351 (11th Cir.2007).  The Court

6    determines by the actions of the parties that they consent to jurisdiction of the Magistrate

7    Judge.

8    **Statement of Facts**

9    The Petition alleges that Defendant began to serve a two year term of supervised

10    release when he was released from prison on August 20, 2005.  Allegation A alleged a

11    violation of standard condition number one, that Defendant violated federal law by illegally

12    reentering the country after deportation.

13    United States Probation Officer Bea Castillo testified for the Government.  Her

14    testimony established that Defendant was ordered removed on September 30, 2005, and

15    pursuant to that order was removed on October 4, 2005 through San Ysidro, California.  He

16    was subsequently found back in Phoenix, Arizona on October 24, 2006, while still on

17    supervised release, when police responded to a domestic disturbance call.

18    Petitioner was not advised of his supervised release conditions in writing.  Reporter's

19    Transcript, 3/25/2008, p. 18.  However, Judge Edginton specifically put Defendant on notice

20    that he was not to reenter the United States without legal authorization.  Reporter's

21    Transcript, 11/19/2004, p. 7.  The requirement that he not violate federal law is imputed to

22    Defendant.  *United States v. Ortuno-Higareda*, 450 F.3d 406, 411-412 (9th Cir.2006).

23    **Recommendation**

24    Wherefore, the Court finds as follows:

25    1.  By the actions of the parties, the Magistrate Judge infers the parties consented to

26    jurisdiction of the Magistrate Judge.

27    2.  Defendant violated his conditions of supervised release by reentering the United

28    States after being deported on October 4, 2005, thus violating federal law.

1      3. Allegation A is sustained.

2      The Court recommends that the District Judge adopt the finding that Defendant

3 violated Standard Condition Number One and enter a disposition as appropriate.

4      Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within

5 ten days of being served with a copy of the Report and Recommendation.  If objections are

6 not timely filed, they may be deemed waived.  The parties are advised that any objections

7 filed are to be identified with the following case number: **cr-02-1640-CKJ**.

8      The Clerk is directed to mail a copy of the Report and Recommendation to Plaintiff

9 and counsel for Defendant.

10      A disposition hearing is set for TUESDAY, MAY 27, 2008 AT 9:30 A.M. before the

11 Honorable Cindy K. Jorgenson.

12      DATED this 16th day of April, 2008.

13

14

15      **CHARLES R. PYLE**
       **UNITED STATES MAGISTRATE JUDGE**
16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -